HARWOOD, Special Justice
(concurring specially).
I concur in the main opinion. I write specially to note that I consider the interpretation of Ala.Code 1975, § 36-25A-2(6)a.3, set out in Part III.C of the main opinion to be further supported by the phrasing of the related subsection that immediately follows it in the Code, § 36-25A-2(6)b.l.
Section 36-25A-2(6)a.3 provides:
“[T]he term meeting shall only apply to the following:
[[Image here]]
“3. The gathering, whether or not it was prearranged, of a quorum of a gov *133 ernmental body or a quorum of a committee or a subcommittee of a governmental body during which the members of the governmental body deliberate specific matters that, at the time of the exchange, the participating members expect to come before the body, committee, or subcommittee at a later date.”
(Emphasis added.)
Following immediately thereafter is § 36-25A-2(6)b.l, which reads:
“The term ‘meeting’ shall not include:
“1. Occasions when a quorum of a governmental body, committee, or subcommittee attends social gatherings, conventions, conferences, training programs, press conferences, media events, or otherwise gathers so long as the governmental body does not deliberate specific matters that, at the time of the exchange, the participating members expect to come before the governmental body at a later date.”
(Emphasis added.)
For the sake of simplicity, I will hereinafter refer to § 36-25A-2(6)a.3 as “clause 3,” as does the main opinion; I will refer to § 36-25A-2(6)b.l as “clause b.l.”
A comparison of the two clauses readily reveals that clause b.l is essentially the converse of clause 3. Both clauses begin by identifying the three separate governmental-body organizational units they propose to address: (1) a governmental body, (2) a committee, and (3) a subcommittee. Each clause is concerned with a gathering of a quorum. (Clause 3 references “[t]he gathering” of such a quorum, and clause b.l references “[occasions when a quorum” is in attendance at certain specified events “or otherwise gathers....”) The two clauses continue in their parallel, but converse, declarations of what constitutes, or does not constitute, a “meeting,” by reference to what matters are deliberated. Under clause 3, if “the members of the governmental body” deliberate matters they expect to come before “the body, committee, or subcommittee at a later date,” a meeting has occurred. On the other hand, clause b.l states that a “meeting” does not take place when one of the three organizational units “otherwise gathers so long as the governmental body does not deliberate specific matters that, at the time of the exchange, the participating members expect to come before the governmental body at a later date.”
Bearing in mind that § 36-25A-2(4) defines “governmental body” to include “all standing, special, or advisory committees or subcommittees of, or appointed by, the body,” clause b.l is reasonably understood to say that no meeting takes place upon the gathering of a quorum of one of the three governmental-body organizational units, so long as “the governmental body” does not deliberate specific matters expected to come before “the governmental body” at a later time. Clearly the legislature intended for the parallel structures of clause 3 and clause b.l, reciprocally explaining what is and what is not a “meeting,” to interface and to be inversely compatible. Therefore, I find that clause b.l sheds light on the meaning to be given to clause 3. Read according to its plain meaning, clause b.l states that if a quorum of a governmental body, or of a committee of that governmental body, or of a subcommittee of that governmental body gathers, a meeting does not occur “so long as the [particular] governmental body does not deliberate specific matters that ... the participating members expect to come before the [particular] governmental body [i.e., again, the principal body or the committee or the subcommittee, as the case may be] at a later date.” It would be unusual if the legislature intended that the phrasing of clause 3 should be read differently in that regard from clause b.l, given *134 that the legislature essentially framed the one to be the mirror image of the other. This Court on numerous occasions over the years has called attention to the important principle of statutory construction that, in determining the intent of the legislature, a court must examine the statute as a whole and, if possible, give effect to each section, recognizing that parts of the same statute are to be read in pari materia and that each part is entitled to equal weight. See, e.g., First Union Nat’l Bank of Florida v. Lee Cnty. Comm’n, 75 So.3d 105, 111-12 (Ala.2011). Reading clause 3 and clause b.l in pari materia, I am persuaded that the legislature would not have intended clause b.l to be applied in a manner inconsistent with its counterpart clause 3, such that the incongruent result would obtain whereby under clause b.l a gathered organizational unit (whether it be the principal governmental body or a committee or a subcommittee of that body) would not be considered to have engaged in a meeting so long as “the governmental body” did not deliberate matters expected later to come before “the governmental body,” but under clause 3 a meeting would be deemed to have taken place if a quorum of one of the three organizational units deliberated matters expected later to come before either of the other two organizational units, as opposed to the particular organizational unit whose members had engaged in the deliberations.